UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARIEL EDUARDO TAVAREZ PENALO,

                *Plaintiff,*

-v-

JOSEPH NOCELLA JR., in his official capacity as U.S. Attorney for Eastern District of New York, PAM BONDI, in her official capacity as Attorney General of the United States, JOSEPH B. EDLOW in his official capacity as Director of United States Citizenship and Immigration Services (USCIS), KRISTI NOEM, in her official capacity as Secretary, U.S. Department Of Homeland Security, and THOMAS CIOPPA, in his capacity as New York District Director for United States Citizenship and Immigration Services (USCIS)

                Defendants.

Case No.
*(to be filled in by the Clerk's Office)*

## COMPLAINT AND ACTION IN MANDAMUS

### INTRODUCTION

1. Plaintiff, ARIEL EDUARDO TAVAREZ PENALO, ("Tavarez"), respectfully petitions this Honorable Court for a Writ of Mandamus to compel the United States Citizenship and Immigration (USCIS) to adjudicate his N-400 Application for Naturalization, Receipt Number IOE9309189695, which has been subjected to an unreasonable and unjustifiable delay, depriving him of rights and protections guaranteed under federal law.

2. Plaintiff Tavarez came to the United States in 2020 through his mother on an IR2 category. The IR2 visa category is for the unmarried child under age 21 of a U.S. citizen, and it is a path to a green card for this individual. His passport was issued in the Dominican Republic under Number NY3111638 and expires on March 8, 2028.

3. Plaintiff came here as a lawful permanent resident in 2000..

4. Plaintiff Tavarez married Diana Hernandez, who is a United States Citizen, on April 14, 2017.

5. Plaintiff Tavarez is not hiding in this country. He arrived in the United States as a legal permanent resident.

6. Plaintiff Tavarez filed an N-400 Application for Naturalization on May 17, 2024.

7. Plaintiff Tavarez attended his Naturalization Interview on August 28, 2024 and passed his English test and U.S. history and government test. A decision could not be made about his application at that time.

8. Since then, USCIS has failed to comply with its duty to adjudicate his claim. Immigration Nationality Act ({"INA"), Section 208(a), 8 U.S.C. Section 1158(a). As of the date of this filing, it has been 17 months since he filed his Application for Naturalization and 14 months since his interview, which he passed.

9. Thereafter Plaintiff Tavarez submitted an inquiry through USCIS but never heard back.

10. Despite completing all prerequisites for adjudication, Plaintiff's application remains pending, with no decision rendered as of the date of this filing, constituting an unreasonable delay under the APA and relevant immigration laws.

11. The prolonged delay has caused significant emotional distress, financial instability, and uncertainty for Plaintiff and his family.

12. This protracted inaction is arbitrary, capricious and contrary to law.

## JURISDICTION AND VENUE

13. The court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1361 and 28 U.S.C. Section 1651 because plaintiff asks this Court to compel Defendants, officers of the United States, to perform their duty owed under INA Section 208(d)(5)(A)(ii)-(iii), 8 U.S.C. Section 1158(d)(5)(A)(ii)-(iii).

14, Jurisdiction is also conferred on this court pursuant to 5 U.S.C. Section 704 as Connors is aggrieved by adverse agency action which this court is authorized to remedy under the Administrative Procedures Act (APA) 5 U.S.C. Sections 702 et seq..

15. Jurisdiction of this court is also invoked pursuant to 28 U.S.C. Sections 2201-02 which authorized the issuance of declaratory judgment.

16. Tavarez seeks costs and fees pursuant t the Equal Access to Justice Act, 5 U.S.C. Section 504 and 28 U.S.C. Sections 2412(2) et seq.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(e) because the substantial part of the events or omissions giving rise to the claim occurred

in this District, and Defendants are officers or employees of the United States acting in their official capacities.

## I. The Parties to This Complaint

18. Plaintiff Ariel Eduardo Tavarez Penalo is a citizen of Dominican Republic who currently lives in Farmingdale, Long Island, New York. Tavarez submitted a Form N-400, Application for Naturalization to USCIS on May 17, 2024.

19. Defendant Joseph Nocella Jr., in his official capacity as U.S. Attorney for Eastern District of New York. Defendant Nocella is named in his official capacity.

20. Defendant Pam Bondi, in her official capacity as Attorney General of the United States. Defendant Bondi is named in her official capacity.

21. Defendant Joseph B. Edlow, in his official capacity as Director of (USCIS), the Agency charged with granting the adjustment of status. Defendant Edlow is named in his official capacity.

22. Kristi Noem, Secretary, U.S. Department Of Homeland Security, and is named in her official capacity.

23. Thomas Cioppa, New York District Director for (USCIS) to which Plaintiff's case has been assigned. The Office has direct authority and responsibility to grant Plaintiff's adjustment of status. Defendant Cioppa is named in his official capacity.

## FACTS

### A. Defendants Should Adjudicate or Decide the Application for Naturalization that has been unduly delayed.

24. The key question in most immigration cases is whether a delay in granting a benefit has become objectively "unreasonable." In determining whether the delay is unreasonable, a reviewing court generally considers the factors stated in the leading D.C. Circuit case of *Telecommunications Research and Action Center (TRAC) v. Federal Communications Commission*. These *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on

agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"
<u>Telecommunications Research and Action Center v. FCC</u>, 750 F. 2d 70, 80 (D.C. Cir. 1984) (cleaned up and citations omitted).

25. The weight to be given each *TRAC* factors is case-specific, but there are a few general considerations. First, a plaintiff is in a strong position if the agency has delayed beyond a statutory timeline (even if Congress did not provide a penalty for exceeding the statutory timeline). They are in an even stronger position if their case has taken longer than most other cases of the same type. Further, whether there is a reasonable justification for the delay in a specific case often depends on the underlying issues and the extent to which the plaintiff contributed to the delay. That means a potential plaintiff should understand current processing times and get an evaluation of the history and issues in their particular case.

26. The *TRAC* factor that is often under-appreciated, though, is the nature and extent of the interests prejudiced by the delay.

### §1447(b) Petition for Naturalization

8 USC §1447(b) [INA §336] authorizes an action in federal District Court if USCIS has not issued a decision on an N-400 within 120 days of the initial interview ("examination" in the statute) of the naturalization applicant. This 120-day period remains the trigger for a §1447(b) action, even if post-interview security checks are still pending, or in the case of a second interview under 8 CFR §335.3(b). In a §1447(b) action the court takes jurisdiction over the naturalization application, and may either make the decision on the application or remand to USCIS, with appropriate instructions, to make the decision. [A separate provision, 8 USC §1421(c) [INA §310(c)], gives District Courts authority to make *de novo* reviews of N-400 denials.]

Section 1447(b) sets up a clear path for addressing USCIS delays in naturalization processing, but only in the specific instance of a delay of 120 days or more after the naturalization interview. This section does not help with other delays in naturalization processing, such as a long delay in the scheduling of the initial interview. If extensive delays occur at that stage, an action for mandamus/APA may be necessary to force USCIS to make an adjudication.

Section 336(b) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1447(b), specifically provides for direct judicial review of delays in adjudicating naturalization applications by the United States Citizenship and Immigration Services (USCIS).2 It gives a district court jurisdiction to intervene in a case where USCIS has failed to make a decision on the naturalization application within 120 days of the applicant's "examination" by USCIS. In so doing it provides a statutory remedy for naturalization applicants against extensive post-interview delays by USCIS in adjudicating their applications. Section 1447(b) includes five general elements: 1. USCIS must have failed to make a decision on the naturalization application; 2 Section 1447(b) reads as follows: If there is a failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter. The delay in decision-making by USCIS must have lasted for at least 120 days after the "examination"; 3. The suit must be filed in the federal district court where the applicant resides; 4. The court then acquires jurisdiction over the naturalization application; and 5. The court may either decide the naturalization application or may remand the case with instructions to naturalization applicant can ask the district court to intervene due to agency delay. See, e.g., Walji v. Gonzales, 500 F.3d 432, 436 and n. 5 (5th Cir. 2007) (citing cases); U.S.A. v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc); Omar v. USA, 552 F. Supp. 2d 713 (M.D. Tenn. 2008); Shendaj v. Dedvukaj, 543 F. Supp. 2d 724 (E.D. Mich. 2008); Imran v. Keisler, 516 F.Supp.2d 967 (S.D. Iowa 2007); see also 8 C.F.R. § 335.2. These and other courts hold that a § 1447(b) action can be brought if USCIS has failed to make a decision within 120 days after the initial 28.

27. As set forth in greater detail below, Plaintiff Tavarez has a meritorious claim for naturalization. He came to the United States on a IR2 visa category as a legal permanent resident, but at the time this Complaint is being filed, USCIS has still not decided the N-400 despite USCIS' statutory duty and despite him having filed his application more than one year ago.

### Plaintiff's Meritorious Claim for Naturalization

28. Plaintiff came here as a lawful permanent resident in or about the year 2000.

29. Plaintiff Tavarez married Diana Hernandez, a United States Citizen, on April 14, 2017.

30. Plaintiff Tavarez is not hiding in this country. He arrived in the United States as a legal permanent residence.

31. Plaintiff Tavarez filed an N-400 Application for Naturalization on May 17,, 2024.

32. Plaintiff Tavarez attended his Naturalization Interview on August 28, 2024 and passed his English test and U.S. history and government test. A decision could not be made about his application at that time.

33. Since then, USCIS has failed to comply with its duty to adjudicate his claim. Immigration Nationality Act ({"INA"), Section 208(a), 8 U.S.C. Section 1158(a). As of the date of this filing, it has been 17 months since he filed his Application for Naturalization and 14 months since his interview, which he passed.

34. Thereafter Plaintiff Tavarez submitted an inquiry through USCIS but never heard back.

35. Despite completing all prerequisites for adjudication, Plaintiff's application remains pending, with no decision rendered as of the date of this filing, constituting an unreasonable delay under the APA and relevant immigration laws.

36. The prolonged delay has caused significant emotional distress, financial instability, and uncertainty for Plaintiff and his family.

37. Plaintiff has a meritorious claim inthat he has met all the qualifications to become a Citizen.

**Defendant's Failure to Comply With Their Statutory Duty to Adjudicate Plaintiff's Application for Naturalization Has Prejudiced Plaintiff By Leaving Him in Legal Limbo for Years**

38. Plaintiff came here as a lawful permanent resident on October 10, 2000. His applications have been pending for more than one year and during this time Defendants have not taken any steps to decide his application.

39. Defendant's failure to decide his application for naturalization has been prejudicial to Tavarez. Plaintiff wants to live safely and build a permanent life in the United States with his wife and family, where he will be free from the hardship to his life in the Dominican Republic. However, having his application for naturalization undecided makes it impossible for Plaintiff to make long-term plans for the future and leaves him in perpetual uncertainty about his legal status in this country.

40. Plaintiff's application is complete and well-documented, and he has a clear right to have it decided upon, not just approved.

41.: The delay is not due to common problems like missing information, incomplete forms, or a failure to respond to requests for evidence (RFE).

42. The waiting period has significantly exceeded the agency's published processing times for similar cases.

43. He has already made reasonable attempts to get a decision through normal channels, such as submitting case inquiries.

## COUNT ONE

### Violation of the Administrative Procedure Act

### Section 706(1) – Unreasonable Delay

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

45. Plaintiff has a statutory right to apply for his adjustment of status and defendants failed to perform this non-discretionary duty.

46. Plaintiff has no adequate remedy at law and will suffer irreparable harm if Defendants do not promptly decide his Naturalization application.

47. Under the Administrative Procedure Act ("APA"), 5 U.S.C. Section 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

48. Defendants' delay in providing a decision to Plaintiff in unreasonable because the delay impacts every aspect of Plaintiff's life, hindering his ability to make permanent plans, move, and find long term employment.

49. The delay here is especially intolerable because it impacts Plaintiff's health and welfare, as well as his economic interests. Among the injuries Plaintiff has suffered are employment due to his uncertain legal status and the daily psychological trauma of not knowing if he can build a new life in the United States or if he will be sent back to the Dominican Republic where he will face great hardship.

50. Expediting the delayed decision would not impact Defendant agency USCIS' other priorities. Plaintiff does not ask USCIS to devote greater capacity to deciding a naturalization claim, rather he asks the agency to use its existing capacity to decide his naturalization claim in turn.

51. Having diligently followed the procedures set forth by Defendants, Plaintiff seeks a court order compelling Defendants to decide his naturalization application.

## COUNT TWO
## MANDAMUS

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

53. Plaintiff seeks mandamus relief in the alternative. Under the Mandamus Act, 28 U.S.C. Section 1361, relief may be granted because Defendants owe Plaintiff a non-discretionary statutory duty and Plaintiff has exhausted all other avenues of relief.

54. Plaintiff has a statutory right to apply for naturalization and to be considered for that relief pursuant to the Immigration and Nationality Act, INA Section 208(a), 8 U.S.C. Section 1158(a). Defendants have failed to perform their nondiscretionary duty.

55. Though USCIS has discretion in granting or denying applications, it has no discretion to decline to schedule interviews and to adjudicate Plaintiff's application for naturalization status.

56. Aside from claims brought under the APA, supra, Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his naturalization application is not promptly adjudicated.

57. Having diligently followed the procedures set forth by Defendants, Plaintiff seeks a writ of mandamus or in the nature of mandamus to end Defendants' unreasonable delay and refusal to adjudicate his Nauralization application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants' actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.W. Section 706(1), 5 U.S.C. Section 706(2)©, and 28 U.S.C. Sections 2201-02;

c. Issue a permanent injunction pursuant to 28 U.S.C. Section 1361 and 5 U.S.C. Section 706(1) compelling Defendants to make a determination on Plaintiff's N-400 Application for Naturalization;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. Section 1361, 28 U.S.C. Section 16512, and/or 5 U.S.C. Section 706(1), compelling Defendants to make a determination on Plaintiff's N-400 Application for Naturalization;

e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. Section 504 and 28 U.S.C. Section 2412(2), et seq.; and

f. Grant such other relief as the Court deems necessary and proper.

Dated: Hauppauge, New York
October 23, 2025

_____
JUDITH C. GARCIA, ESQ.
Attorney for Plaintiff
888 Veterans Memorial Highway, Suite 405
Hauppauge, New York 11788